## FRANK LOFTON v. STATE.

No. A-7643.   Opinion Filed Feb. 7, 1931.
(296 Pac. 523.)

Percy Powers, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, herein-after called the defendant, and one C. F. Taylor, were charged jointly with the possession of intoxicating liquor, to wit, seven pints of beer, with the unlawful intent to barter, sell, give away, and otherwise dispose of the same to others.   The defendant Frank Lofton was convicted and sentenced to pay a fine of $50 and be confined in the county jail for 30 days.   From the judgment the defendant has appealed.

E. W. Reeves, called as a witness for the state, testified:

"I was driving along the highway about three and a half miles southeast of Mangum, Oklahoma, and saw the defendant and C. F. Taylor sitting under some cotton wood trees eating a lunch; after I passed I saw one of them raise a bottle to their head and drink; I stopped, turned around and went back, and while I was turning around I saw them throw a sack out in the weeds, and throw the bottle to the side of the road; there were six or seven bottles in the sack when I got back to where they were; I did not taste the contents of the bottles; I smelled the bottle they had thrown away and brought the rest of them to town and turned them over to Mr. Tittle.   The defendant was not intoxicated."

On cross-examination, in response to the question the witness Reeves was asked:

Q. Was it home brew? A. I call home brew and beer all the same."

"I did not taste any of it; I smelled it; I do not know how much alcohol it contained; I could not say whether or not it was capable of being used as a beverage; it was what they called home brew, home brew in bottles, that is all I can say."

S. H. Tittle, called as a witness for the state, testified to the witness Reeves bringing some bottles to him and telling him where he found them; the witness identified the bottle that E. W. Reeves brought in. On cross-examination witness stated:

"I never made an examination of the bottles; about all I know is that Mr. Reeves brought the bottles in and told where he got them; I don't know whether the bottles contained beer or some other concoction; I do not know when these parties were arrested, the papers will show."

The bottles were introduced in evidence. This is, in substance, the testimony.

At the close of the state's testimony, the defendant demurred to the evidence of the state and moved the court to direct the jury to return a verdict of not guilty, for the reason that the evidence wholly fails to prove that the defendant was guilty as charged in the information, or to show that he had violated any law of the state. It is clear from the testimony in this case that the state failed to prove the material allegations in the information. The allegations in the information are that the defendant was found in possession of beer with intent to sell, barter, give away, or otherwise dispose of the same in violation of law. The proof shows that the concoction found in the bottles near where the defendant and other parties were eating lunch was what is called home-brew, the witness stating he called home-brew beer. There was no chemical analysis

offered in evidence, nor does the witness Reeves testify as to the intoxicating effect of the home-brew found by him; he says the defendant was not intoxicated at the time; that he did not taste the contents of the bottle; that he smelled the bottle, but he could not say whether it was intoxicating or not. The motion of the defendant should have been sustained. The proof fails to sustain the allegations in the information. For the reason that there is no evidence to sustain the allegations in the information, the judgment is reversed and remanded, with directions to dismiss the case.

EDWARDS and CHAPPELL, JJ., concur.